92 F.3d 1193
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jeff RICKS, Plaintiff-Appellant,
v.
BETA DEVELOPMENT CO., Defendant-Third-Party-Plaintiff-Appellee,
v.
LEO DALY CO.; Kathy Saito, dba Saito Design Associates;
Alice Leitner, Third-Party-Defendants-Appellees.
 No. 95-15334.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 10, 1996.*
Decided Aug. 1, 1996.
 
 Before: CHOY, O'SCANNLAIN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jeff Ricks challenges the district court's sua sponte dismissal of his 42 U.S.C. § 3604 action against Beta Development Co., the developer of the Fountains at Makiki condominium project, and third-party defendant Leo Daly Co., the project's designer. Ricks, a paraplegic, alleges that architectural barriers in the condominium violate the Fair Housing Act (42 U.S.C. § 3604(f))[1] and Hawaii Revised Statutes Chapter 515--Discrimination in Real Property. The district court dismissed Ricks' complaint for lack of standing, holding that he had failed to allege an injury in fact traceable to Beta's denial of his right to purchase or rent housing.
 
 
 3
 * In Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992), the Supreme Court codified the "irreducible constitutional minimum of standing:" (1) injury in fact; (2) causation; and (3) redressability. Id. at 560. An injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." Id. (quotations omitted). Causation requires that the injury be "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." Id. (quotation omitted). Redressability requires that it be " 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.' " Id. at 561.
 
 
 4
 The district court based its dismissal, in part, on Ricks' failure to allege that he was a buyer or prospective buyer. Ricks contends that he is not required to make such an allegation since section 3604(f), unlike section 3604(a), does not contain the language "after the making of a bona fide offer." While Ricks is correct that he need not make a bona fide offer to achieve standing under 3604(f), he must make some allegation of interest in the condominium. Unlike section 3604(d),[2] which uses the language "any person," and which Congress has expressly identified as conferring broad standing,[3] section 3604(f) employs the terms "renter or buyer," suggesting that, at the very least, Ricks must allege that he is a prospective buyer to achieve standing.
 
 
 5
 In Village of Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252 (1977), an individual plaintiff was held to have standing where his complaint alleged that "he s[ought] and would qualify for the housing" that was the subject of the litigation. Id. at 264. Similarly, in Independent Housing Services of San Francisco v. Fillmore Center Associates, 840 F.Supp. 1328 (N.D.Cal.1993), an individual was found to lack standing to challenge the alleged failure of a housing development to comply with federal, state, local and handicap access laws "because she never alleged that she wanted to, sought to, could have, or would have lived in Fillmore Center were it more handicap accessible. Id. at 1334 n. 3.
 
 
 6
 Here, Ricks failed to allege that he was a prospective buyer, or that but for the architectural barriers in the condominium, he would purchase a unit. Rather, his complaint and affidavit reflect merely a general interest in obtaining accessible housing. Accordingly, his complaint fails to allege a particularized injury. While it is true that "at the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim," Lujan, 504 U.S. at 561, a plaintiff must still satisfy the minimum standing elements. By failing to indicate an intent to make an offer to purchase a particular condominium, Ricks has failed to allege an injury in fact.
 
 II
 
 7
 The district court also based its dismissal of Ricks' complaint on Ricks' failure to allege that he had sufficient financial means to purchase a condominium. This failure precludes the establishment of both the causation and redressability requirements.
 
 
 8
 In Warth v. Seldin, 422 U.S. 490 (1975), the Supreme Court noted the importance of establishing a causal connection between a defendant's alleged illegal act and the plaintiff's injury. In that case, as here, the plaintiff's injury was an inability to obtain housing:
 
 
 9
 There remains the question whether petitioners' inability to locate suitable housing in Penfield reasonably can be said to have resulted, in any concretely demonstrable way, from respondents' alleged constitutional and statutory infractions. Petitioners must allege facts from which it reasonably could be inferred that, absent the respondents' restrictive zoning practices, there is a substantial probability that they would have been able to purchase or lease in Penfield and that, if the court affords the relief requested, the asserted inability of petitioners will be removed.
 
 
 10
 Id. at 504. The Court found that the plaintiffs failed to establish the requisite causal connection:
 
 
 11
 [T]he record is devoid of any indication that these projects or other like projects would have satisfied petitioners' needs at prices they could afford, or that, were the court to remove the obstructions attributable to respondents, such relief would benefit petitioners. Indeed, petitioners' descriptions of their individual financial situations and housing needs suggest precisely the contrary--that their inability to reside in Penfield is the consequence of the economics of the area housing market, rather than of respondents' assertedly illegal acts.
 
 
 12
 Id. at 506. The plaintiffs lacked standing because they failed to allege that it was the exclusionary zoning practices--and not their financial means--which prevented them from living in Penfield. Similarly, in Independent Housing Services, the California Association for the Physically Handicapped was found to lack standing because, among other factors, there was no allegation that its members could afford to live in the subject housing development. 840 F.Supp. at 1335.
 
 
 13
 Here, Ricks failed to allege facts which support an actionable causal relationship between Beta's alleged discriminatory actions and Ricks' asserted injury. The affidavit supplementing his complaint states simply that he "anticipates a large settlement." Even "accept[ing] as true all material allegations" and "[c]onstru[ing] the complaint in favor of the complaining party," Warth, 42 U.S. at 501, we find Ricks' assertion that he anticipates a large settlement too speculative to establish that he has, or will have, the financial means to purchase a unit in the project.
 
 
 14
 Ricks has also failed to establish redressability. If it is his financial inability, rather than any action on the part of the developers and designers, which prevents Ricks from obtaining a condominium, then a court order directing the removal of architectural barriers will not remedy his problem. Under Lujan, "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be redressed by a favorable decision." 504 U.S. at 561. We are not convinced that any remedial action ordered by the court is "likely" to redress the injury alleged here.
 
 
 15
 Ricks' memorandum in support of his motion for preliminary injunction regarding standing "concedes candidly and with chagrin that his complaint's factual allegations are sparse in regard to injury." We agree with the district court that the complaint's deficiencies were not cured by Ricks' amendment. Per Warth, "if after [the opportunity to amend the complaint or offer affidavits], the plaintiff's standing does not adequately appear from all materials of record, the complaint must be dismissed." 422 U.S. at 501-02.
 
 III
 
 16
 Ricks has failed to allege an injury in fact traceable to actions of Beta and Daly, and he has failed to establish that his requested relief would redress the injury. Accordingly, we affirm the district court's dismissal of Ricks' action for lack of standing.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 42 U.S.C. 3604(f)(1) states that it is unlawful to discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of that buyer or renter. 42 U.S.C. § 3604(f)(3)(C) provides for the handicap-accessible design and construction of covered multifamily dwellings. The provision applies to structures which had first occupancy a year and a half after the enactment of the FHAA in 1991 and requires full handicap accessibility of common areas and specific accessibility guidelines for individual units
 
 
 [2]
 42 U.S.C. § 3604(d) states that "it shall be unlawful--
 (d) To represent to any person because of race, color religion, sex, handicap, familial status or national origin that any dwelling is not available for inspection, sale or rental when such dwelling is in fact available.
 
 
 [3]
 The Supreme Court has stated that "[T]he actual or threatened injury required by Art. III may exist solely by virtue of 'statutes creating legal rights, the invasion of which creates standing....' " Warth v. Seldin, 422 U.S. 490, 500 (1975) (citations omitted). In Havens Realty Corp. v. Coleman, 455 U.S. 370 (1982), the Supreme Court stated that "Section 804(d), which in terms establishes an enforceable right to truthful information concerning the availability of housing, is such an enactment." Id. at 373. The Court explained that by using the language "any person" in § 804(d), Congress conferred on all "persons a legal right to truthful information about available housing."